UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JEANETTE MCKENNA,<br><br>Plaintiff,<br><br>v.<br><br>ARMANDO PASILLAS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:25-cv-00160-SEB-KMB |

**ORDER ON VARIOUS PENDING MOTIONS**

Pending before the Court are seven discovery-related motions filed by *pro se* Plaintiff Jeanette McKenna. [Dkts. 54; 60; 70; 73; 77; 79; 86.] This action concerns an August 2, 2025, traffic stop and related searches, which Ms. McKenna alleges violated her constitutional rights. [Dkt. 48.] She brings claims against the City of Seymour, the Seymour Chief of Police, and Officers Armando Pasillas, Justin Hammond, Kayla Griffin, and Justin Brogdon. [*Id.*]

The Court briefly recounts the relevant procedural background before addressing the pending motions. On July 24, 2026, the Court held a Telephonic Status and Discovery Conference to address the Parties' discovery disputes. [Dkt. 53.] Following that conference, the Court directed the Parties to confer by telephone, videoconference, or in person in a meaningful effort to resolve or narrow those disputes. [*Id.* at 2.] The Court further directed Ms. McKenna to consolidate any remaining disputes into a single Motion to Compel filed by August 10, 2026. [*Id.* at 3.]

Ms. McKenna timely filed her consolidated Motion to Compel. [Dkt. 54.] She then filed several additional discovery motions, [dkts. 54; 58; 59; 60; 69; 70; 73; 77; 79; 80; 86; 88], some of which were substantively duplicative, [*see, e.g.*, dkts. 58 and 59 (duplicative motions); dkts. 80 and 88 (duplicative motions).] The Court denied the subsequently filed Motions to Compel

because they violated its directive to consolidate the disputes into one Motion. [Dkt. 91 at 3.] The Court retained Ms. McKenna's seven other motions under advisement and temporarily prohibited additional discovery motions pending their resolution. [*Id*. at 3-4.] Those seven motions are now addressed below.

**A. Ms. McKenna's Motion to Compel Discovery Responses [Dkt. 54][1]**

The Court first addresses the discovery disputes raised in Ms. McKenna's consolidated Motion to Compel Discovery Responses and Enter a Protective Order. [Dkt. 54.] Defendants responded to the motion, [dkt. 64] and Ms. McKenna replied, [dkt. 66].

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 U.S. Dist. LEXIS 34137, at *5 (S.D. Ind. Mar. 4, 2019).

[1] Ms. McKenna's Motion to Compel identifies seven discovery disputes. [Dkt. 54 at 2-5.] In her reply, Ms. McKenna expressly withdraws her arguments concerning two of the disputes: her requests concerning Officer Brogdon's pre-stop dashcam footage and the canine deployment log. [Dkt. 66 at 1-2.] Those portions of her motion are therefore **DENIED AS MOOT**, and the Court addresses only the remaining disputes.

**1. Body Camera Audio Muting**

Ms. McKenna first takes issue with Defendants' answer to Interrogatory No. 7, which states that the "bodycam footage of the incident w[as] not modified or redacted." [Dkt. 54-2 at 60.] Ms. McKenna contends that three officers deliberately muted their body-camera audio during the vehicle search and that Officer Pasillas selectively unmuted his camera to speak with her before muting it again.[2] [Dkt. 54 at 3.] She argues that this conduct violated departmental policy and contradicts Defendants' sworn answer that the footage was not modified. [*Id*. at 3-4.] She seeks a sworn explanation identifying who authorized the muting, when it occurred, and how it is consistent with that answer. [*Id*. at 4.]

Defendants argue that they have produced the recordings in their possession and that Ms. McKenna's disagreement with their contents does not establish deficient discovery responses. [Dkt. 64 at 3.] They contend that the significance of the muted audio and compliance with departmental policy concern the merits of the claims rather than a basis to compel additional discovery. [*Id*.]

Ms. McKenna does not address Defendants' arguments on this issue in her reply. [Dkt. 66.] The Court may construe a party's failure to reply to arguments "as an acknowledgement of the correctness" of the position of the party opposing the motion. *See Slack v. Carey*, 2023 WL 12175928, at *3 (S.D. Ind. Oct. 18, 2023). Even considering the substance of her request, however,

---

[2] Ms. McKenna cites Exhibit 10 as evidence that Officer Pasillas selectively unmuted his body camera to speak with her, but that exhibit contains unrelated correspondence and does not address body-camera audio muting. The only exhibit addressing the alleged selective unmuting is Exhibit 9A, an email in which Ms. McKenna repeats that assertion to Defendants' counsel. [Dkt. 54-2 at 46–47.] That email does not independently substantiate her beliefs about the body-camera audio. Nevertheless, even accepting her description as true, the alleged muting does not itself establish subsequent modification of the recording.

Ms. McKenna has not established the asserted contradiction. Muting a camera's microphone during an encounter is distinct from later modifying or redacting the recording. Her description of Officer Pasillas's conduct therefore does not, by itself, show that Defendants altered the footage or that their discovery answer is incomplete or inaccurate. Whether the officers complied with the departmental recording policy is a separate question and, instead, perhaps goes to the merits of Ms. McKenna's claims. Accordingly, this portion of Ms. McKenna's Motion to Compel is **DENIED**. [Dkt. 54.]

**2. Supplemental Answer to Interrogatory No. 13**

Ms. McKenna next contends that Defendants' sworn answer to Interrogatory No. 13 incorrectly identifies Chief O'Brien as the person who personally contacted Ms. McKenna by phone, whereas a preserved voicemail identifies Sergeant Brian Moore as the caller. [Dkt. 54 at 4.] She requests a corrected sworn answer identifying Sergeant Moore. [*Id.*]

Defendants respond that Court intervention is premature or moot because they agreed to clarify and supplement their answer during the meet and confer process. [Dkt. 64 at 3.] Ms. McKenna replies that Defendants have not served the promised supplemental answer. [Dkt. 66 at 2.] She acknowledges that their responses to her Second Requests for Admission Nos. 26 and 27 admit that Chief O'Brien did not personally contact her and that Sergeant Moore did, but she argues that those admissions do not correct the original sworn answer to Interrogatory No. 13. [*Id.*]

After having reviewed the Parties' arguments on this point, the Court finds that a separate correction to the interrogatory answer is unnecessary here. Rule 26(e)(1)(A) does not require supplementation when corrective information has otherwise been made known during discovery or in writing. Defendants' admissions supply the requested information and conclusively establish the admitted matters unless the Court permits withdrawal or amendment. Fed. R. Civ. P. 36(b).

Ms. McKenna also subsequently reports receiving a supplemental answer to Interrogatory No. 13 on or about September 4, 2026. [Dkt. 77 at 1–2.] Because she has received the requested clarification, this portion of her Motion to Compel is **DENIED**. [Dkt. 54.]

### 3. Personnel Files

Ms. McKenna next seeks electronic or mailed copies of the redacted, nonprivileged personnel files she requested in discovery. [Dkt. 54 at 4.] Ms. McKenna concedes that Defendants have already offered to make the files available for inspection at counsel's Indianapolis office, but she argues that the required travel is unduly burdensome given her limited financial resources and unreliable transportation. [*Id.*]

Defendants respond that they have agreed to provide personnel records subject to entry of a protective order and have offered inspection without possession in the interim. [Dkt. 64 at 4.] They argue that this interim procedure reasonably protects sensitive personnel information and does not impose an undue burden warranting compelled electronic production. [*Id.*] Alternatively, they contend that Ms. McKenna may agree to the proposed protective order to obtain the records. [*Id.*]

In reply, Ms. McKenna argues that requiring a four hour round trip to inspect records she cannot retain is disproportionate given her limited resources and prevents meaningful use of the records in this litigation. [Dkt. 66 at 2-3.] She contends that redactions and a protective order adequately address Defendants' confidentiality concerns and renews her request for electronic or mailed copies. [*Id.* at 3.]

The Court finds that its separate entry of the protective order as discussed below resolves the obstacles identified by the Parties in providing Ms. McKenna with copies of the records. Indeed, Defendants represent that the restriction on retaining copies applies pending entry of a

protective order, and Ms. McKenna agrees that redactions and a protective order adequately address their confidentiality concerns. [Dkt. 64 at 4; dkt. 66 at 3.] Because the Court is entering a separate Protective Order today, as set forth more fully below, the condition Defendants identified for providing copies is satisfied. Accordingly, this portion of Ms. McKenna's Motion to Compel is **GRANTED**. [Dkt. 54.] Within **fourteen (14) days of this Order**, Defendants shall produce electronic or mailed copies of the requested redacted, nonprivileged personnel records, subject to the separately entered Protective Order discussed below.

**4. Metadata**

Ms. McKenna next argues that Defendants' streaming-only OneDrive production prevents downloading and omits metadata relevant to her concerns about audio muting and missing dashcam footage. [Dkt. 54 at 4–5.] She requests reproduction of all previously produced materials in native, downloadable format with complete metadata within fourteen days. [*Id*. at 5.]

Defendants argue that Ms. McKenna identifies no specific metadata withheld or deficiency in their production and has not shown that additional metadata is proportional to the needs of the case. [Dkt. 64 at 4.] They contend that generalized assertions of potential usefulness do not justify wholesale reproduction of discovery. [*Id*.]

In reply, Ms. McKenna withdraws her request for wholesale reproduction and limits her request to creation dates, modification dates, and file-level metadata for the body-camera and dashcam recordings only. [Dkt. 66 at 3.] She argues that the streaming-only production prevents downloading and strips file-level information, rendering it inconsistent with Rule 34's production requirements. [*Id*.]

The Court finds that the recordings' creation and modification information is relevant to Ms. McKenna's concerns about whether footage of the encounter was altered, and Defendants

identify no specific burden associated with producing that existing information. [Dkt. 64 at 4.] The Court therefore **GRANTS IN PART** this portion of Ms. McKenna's Motion to Compel. [Dkt. 54.] Within **14 days after entry of this Order**, Defendants shall provide downloadable copies of the previously produced body camera and dashcam recordings **only**, together with the existing creation date, modification date, and associated file level metadata maintained with those recordings. Defendants need not duplicate materials already provided in that form or create metadata that does not exist. If requested metadata is unavailable, Defendants shall explain that circumstance in a supplemental response. This ruling does not require a forensic examination or reconstruction of metadata. Ms. McKenna's withdrawn request for wholesale reproduction of all discovery materials is **DENIED AS MOOT**. [Dkt. 66 at 3.]

**5. Personal Cell Phone Communications**

Ms. McKenna seeks personal device communications concerning herself, her vehicle, or the August 2, 2025, stop between 2:45 p.m. and 4:00 p.m., which she states Defendants have conditioned on entry of a protective order. [Dkt. 54 at 5.] She argues that Defendants' production of unrelated radio and dispatch communications, without responsive personal device communications, suggests withholding relevant discovery and requests production within fourteen days after entry of a protective order. [*Id.*]

Defendants argue that discovery of personal device communications raises privacy concerns and that Ms. McKenna has not shown that her request is relevant and proportional to the needs of this case. [Dkt. 64 at 5.] They contend that she merely speculates responsive communications exist and has not established that less intrusive sources have been exhausted or responsive communications withheld. [*Id.*]

In reply, Ms. McKenna emphasizes that her request is limited by subject matter and a 75-minute period, consistent with the Court's guidance at a prior conference. [Dkt. 66 at 3.] She maintains that she exhausted official sources through radio and dispatch records without obtaining the requested communications and renews her request for production within fourteen days after entry of a protective order. [*Id*.]

The Court agrees with Ms. McKenna that the request, as limited, is discoverable. Ms. McKenna seeks relevant communications about the encounter underlying this action during a limited 75-minute period. [Dkt. 54 at 5.] Defendants' privacy concerns do not explain why discoverable communications should be withheld once appropriate confidentiality protections are in place. [Dkt. 64 at 5.] Nor must Ms. McKenna prove that a particular communication exists before Defendants reasonably search for responsive materials. Her request seeks discoverable communications, not unrestricted access to the officers' devices. Accordingly, this portion of Ms. McKenna's Motion to Compel is **GRANTED**. [Dkt. 54.] Within **14 days of this Order**, Defendants shall conduct a reasonable search and produce any nonprivileged personal device communications within their possession, custody, or control concerning Ms. McKenna, her vehicle, or the August 2, 2025, stop between 2:45 p.m. and 4:00 p.m. that day. Production shall be subject to the separately entered Protective Order. Unrelated personal information may be redacted, and any privilege-based withholding must be identified on a privilege log in accordance with Rule 26(b)(5)(A). If no responsive communications are located after a reasonable search, Defendants shall state that result in a supplemental response. This ruling does not authorize inspection or forensic imaging of any device.

**B. Ms. McKenna's Motion to Enter Uniform Stipulated Protective Order [Dkt. 54]**

The Court now turns to Ms. McKenna's request that the Court enter a protective order in this case. [Dkt. 54.] Defendants responded to the Motion, [dkt. 64] and Ms. McKenna replied, [dkt. 66.]

Ms. McKenna contends that the Parties agreed on the substantive confidentiality provisions but disputes the proposed Order's continued use of "John Doe One" and badge numbers instead of the officers' identified names. [Dkt. 54. at 5.] She also objects to identifying Officer Pasillas as a nonparty while the Third Amended Complaint awaited screening, arguing that discovery had already established his identity and participation in the stop. [*Id*. at 5-6.] She asks the Court to correct those designations, enter the protective order, and require production of the materials Defendants have withheld pending its entry. [*Id*. at 6.]

Defendants do not oppose entry of a protective order and maintain that the Parties agreed on the substantive confidentiality provisions, leaving only captioning and party-identification disputes. [Dkt. 64 at 5-6.] They request language and party designations consistent with the operative pleadings and the Court's docket. [*Id*. at 6.]

In reply, Ms. McKenna objects that the proposed "Attorneys' Eyes Only" designation could prevent her, as an unrepresented Party, from reviewing evidence and that the archival-copy provision permits only counsel to retain confidential materials after the action concludes. [Dkt. 66 at 4.] She requests removal of the former designation and permission to retain one archival copy under the same conditions as counsel. [*Id*.] She also disputes characterizing the proposed Order as stipulated because she has not agreed to that version and her objections concern access to evidence, not merely captioning. [*Id*. at 4-5.]

The Parties agree that a protective order is appropriate, but Ms. McKenna's reply identifies disagreements extending beyond the caption and party designations. [Dkt. 64 at 5-6; dkt. 66 at 4-5.] Those disagreements, however, should not prevent entry of an order that protects confidential information while allowing both sides to prepare their cases. First, the caption and party designations shall conform to the current docket text. The Court has since screened the Third Amended Complaint and directed that the officer Defendants' names be updated, resolving the uncertainty underlying this disagreement. [Dkt. 61.] Second, the proposed Order shall omit the "Attorneys' Eyes Only" designation. Ms. McKenna is unrepresented, and Defendants have not identified a particular need for such a designation. [Dkt. 64 at 5-6; dkt. 66 at 4.] Third, the archival-copy provision shall permit Ms. McKenna to retain one copy under the same continuing confidentiality obligations applicable to counsel. [Dkt. 66 at 4.]

Accordingly, Ms. McKenna's request for entry of a protective order is **GRANTED IN PART**. [Dkt. 54.] The Court will enter a separate Protective Order based on this District's Uniform Protective Order and incorporate the modifications described above. Any protected information produced pursuant to this Order on Pending Motions shall be subject to that Protective Order, including its procedures for confidentiality designations, challenges to those designations, and requests to file materials under seal.

**C. Ms. McKenna's Motions Concerning Depositions by Written Questions and Additional Interrogatories [Dkts. 60; 70; and 86]**

Ms. McKenna submits three related motions concerning proposed depositions by written questions and alternative requests to obtain the information through additional interrogatories. The Court addresses these Motions together.

At docket 60, Ms. McKenna seeks an order confirming that her August 22, 2026, notices, comprising 261 written deposition questions directed to five Defendants, were timely because the

Scheduling Order separately established an August 19 deadline for written discovery and an October 18 deposition-completion deadline. [Dkt. 60 at 1-2.] Alternatively, she requests a three-day extension based on excusable neglect, arguing that her interpretation was reasonable and the brief delay caused no prejudice. [*Id*. at 2-3.] She maintains that the questions concern facts central to her claims and asks the Court to compel completion of the question exchange and sworn testimony before a notary by October 1, 2026. [*Id*. at 3-4.] No response or reply brief were filed in response to this Motion.

At docket 70, Ms. McKenna seeks confirmation that a notary public may serve as the officer for her depositions by written questions, arguing that Rules 28 and 31 do not require a certified court reporter. [Dkt. 70 at 3-4.] She contends that she relied on counsel's assurances that Defendants would respond before counsel advised her of the reporter requirement and associated expense. [*Id*. at 2-4.] She requests additional time to complete the depositions and question exchange or, alternatively, permission to serve the questions as interrogatories exceeding Rule 33's presumptive limit. [*Id*. at 5-7.] Defendants filed a response to docket 70, arguing that Rule 31 requires Ms. McKenna to arrange and pay for a deposition officer and recording, notwithstanding her *in forma pauperis* status, and that counsel's clarification of those requirements does not shift the expense to Defendants. [Dkt. 83 at 1-2.] They also contend that her questions duplicate answered interrogatories and concern events captured in the produced body-camera footage. [*Id*. at 2.] Finally, they argue that her deadline request is moot because the Court has already extended discovery. [*Id*. at 3.] In reply, Ms. McKenna disputes that her questions duplicate answered interrogatories and argues that Defendants have not addressed her alternative request to proceed under Rule 33. [Dkt. 87 at 1-2.] She contends that the body-camera footage does not excuse Defendants from providing specific sworn answers. [*Id*. at 2-3.] Although she concedes that her

deadline-extension request is moot, she maintains that the deposition-officer and alternative-interrogatory requests remain unresolved. [*Id*. at 3.]

At docket 86, Ms. McKenna separately seeks leave to serve Officer Pasillas with 54 interrogatories restating her proposed deposition questions, acknowledging that she served them without first obtaining leave. [Dkt. 86 at 1-2.] She argues that his later joinder, the extended deadline for discovery directed to him, and his involvement in several aspects of the stop justify exceeding Rule 33's presumptive limit. [*Id*. at 2-3.] No response or reply was filed in response to docket 86.

A deposition by written questions under Rule 31 differs from interrogatories: the witness answers orally under oath before a deposition officer, rather than preparing written answers to questions served by another party. *See Akard v. Comm'r of the Ind. Dep't of Corr.*, 2023 WL 5836696 at *3-4 (S.D. Ind. Aug. 25, 2023). Before the deposition, the noticing Party serves its written questions on the other Parties, who may serve cross-questions, followed by redirect and recross-questions. Fed. R. Civ. P. 31(a)(3). The deposition officer then asks the questions, records the deponent's answers under oath, and prepares and certifies the deposition. Fed. R. Civ. P. 31(b). The officer need not be a certified court reporter; rather, Rule 28 permits an officer authorized to administer oaths under federal law or the law where the examination occurs, such as a qualified notary public, or a person appointed by the Court to administer oaths and take testimony. Fed. R. Civ. P. 28(a)(1). The officer must also satisfy Rule 28(c)'s impartiality requirements and perform the duties prescribed by Rule 31. *See* Fed. R. Civ. P. 28(c), 31(b). The party seeking the deposition must arrange for the officer's attendance at the deposition and pay the associated costs notwithstanding that Party's *in forma pauperis* status. *See Akard*, 2023 WL 5836696, at *4 (citing *Moore v. Cromwell*, 2018 WL 6602220, at *4 (E.D. Wis. Dec. 17, 2018)).

The Court finds that much of this dispute puts the proverbial cart before the horse, especially considering the rulings made by the Court in this Order, which will get Ms. McKenna additional information she seeks. Thus, the Parties should identify what remaining information Ms. McKenna seeks from the depositions by written questions and alternative requests at issue and then determine the most efficient means of obtaining it. Their submissions reflect disputes over whether the 261 questions duplicate prior discovery, how the proposed depositions would proceed, and the associated expense. [Dkt. 70 at 2-7; dkt. 83 at 2; dkt. 87 at 1-3.] Resolving those matters before undertaking additional discovery will avoid unnecessary burden and expense. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (c)(1)(C).

Accordingly, the Court **DENIES** Ms. McKenna's request to compel Defendants to answer the proposed deposition questions and will not direct that the depositions by written questions proceed as presently proposed. [Dkts. 60; 70.] Thus, the requests to deem the August 22 notices timely and confirm that a notary may serve as the deposition officer are **DENIED AS MOOT**. [Dkt. 60; 70.] The requests concerning the former deposition-completion deadline are also **DENIED AS MOOT**, [dkt. 60], consistent with Ms. McKenna's acknowledgment that the Court's intervening extension resolved that issue. [Dkts. 87 at 3; 71.] Ms. McKenna's requests to convert the proposed deposition questions into interrogatories significantly exceeds the interrogatory limit set forth in Rule 33 and are **DENIED** pending the process set forth below. [Dkts. 70; 86.] Although Officer Pasillas's subsequent joinder to this action warranted additional time to serve discovery, that extension did not authorize interrogatories exceeding the numerical limit or establish that all 54 questions were appropriate.

The Parties are **ORDERED** to meet and confer to identify the specific information Ms. McKenna still seeks and determine whether **limited** additional interrogatories would efficiently

provide it. Before the meet and confer, Ms. McKenna shall specifically identify the questions she wishes to pursue. For any information that Defendants contend they have already provided, they shall identify the specific discovery response or produced material containing it.

By **November 4, 2026,** the Parties shall file a joint statement identifying: (1) any **agreed** additional discovery and a proposed completion date; and (2) any remaining disputed requests, Defendants' specific references to any prior responses or materials supplying that information or their reason for opposing further discovery, and (3) Ms. McKenna's explanation of why the information remains necessary. If Ms. McKenna seeks to serve depositions by written questions on Defendants, she must identify the officer authorized to administer oaths under federal law that she seeks to use and confirm she understands that she will pay any associated costs.

**D. Ms. McKenna's Motions Concerning Christopher Peelman's Deposition [dkts. 73 and 79]**

Ms. McKenna filed two motions concerning Defendants' deposition of Christopher Peelman, first seeking to limit its scope and later seeking to prevent it altogether. [Dkts. 73; 79.] Because the later Motion expressly supersedes the earlier one and both concern the same deposition, the Court addresses them together. No responses or replies were filed in response to these Motions.

At docket 73, Ms. McKenna seeks to limit Christopher Peelman's deposition to his observations relevant to her claimed damages and exclude inquiry into separate state proceedings except as directly relevant to those damages. [Dkt. 73 at 4.]

Ms. McKenna later amended her request to seek an order precluding the deposition altogether, expressly superseding her earlier motion. [Dkt. 79 at 1.] She seeks to withdraw her disclosure of Mr. Peelman as a witness and argues that his testimony is unnecessary because he lacks firsthand knowledge of the stop and her treatment records better address her claimed

damages. [*Id*. at 2-3.] She further contends that his account of the stop would be hearsay or cumulative and that the deposition risks embarrassment and prejudice concerning unrelated state proceedings. [*Id*. at 3-4.]

As an initial matter, Ms. McKenna withdrawing Mr. Peelman as one of her listed witnesses would not prevent Defendants from deposing him concerning relevant, nonprivileged matters. *See* Fed. R. Civ. P. 26(b)(1), 30(a)(1). Mr. Peelman's observations may bear on Defendants' assessment of her claimed damages regardless of whether she intends to offer his testimony. Her preference for treatment records and concerns about his credibility do not establish a basis to prohibit that discovery.

Mr. Peelman's deposition took place on October 7, 2026, and the Court addressed objections during an emergency call from that deposition. [Dkt. 93 at 1.] The Court overruled Ms. McKenna's objection to Defendants taking Mr. Peelman's deposition and directed the deposition to proceed, noting that Mr. Peelman himself did not object to proceeding. [*Id*.] As the Court explained to Ms. McKenna on that emergency conference, Ms. McKenna may assert objections on her own behalf, but she cannot represent Mr. Peelman's interests or object on his behalf. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one pro se litigant cannot represent another").

Accordingly, the Court **DENIES** Ms. McKenna's Amended Motion, [dkt. 79], and **DENIES AS MOOT** her superseded motion, [dkt. 73], and requests for expedited consideration.

### E. Ms. McKenna's Motion for Leave to Serve a Limited Request for Production of Policy 1.007 [Dkt. 77]

Ms. McKenna seeks leave to serve a single request on the City of Seymour and Seymour Chief of Police for Policy 1.007, governing complaints involving department personnel, and its referenced complaint form. [Dkt. 77 at 1-2.] She states that Defendants first identified these

documents in their September 4, 2026, supplemental answer to Interrogatory No. 13, after the discovery-request deadline. [*Id.*] She argues that the documents bear on her municipal liability claim and whether the policy explains Chief O'Brien's handling of her complaint, and that this limited request would cause no prejudice because Defendants already possess the materials. [*Id.* at 2.] No response or reply was filed.

The Court finds good cause to permit this limited discovery after the deadline. *See* Fed. R. Civ. P. 16(b)(4). Ms. McKenna moved for leave four days after Defendants' supplemental answer first identified the policy and complaint form, demonstrating diligence in seeking the materials. [Dkt. 77 at 1-2.] The request is limited to two documents bearing on the handling of Ms. McKenna's complaint. Defendants have neither opposed the Motion nor identified any resulting burden or prejudice, and the Court construes their silence as conceding that the requested relief is appropriate. See *Slack*, 2023 WL 12175928, at *3 (recognizing that failure to reply may be construed "as an acknowledgement of the correctness" of the opposing position).

Accordingly, the Court **GRANTS** Ms. McKenna's Motion for Leave, [dkt. 77]. **By October 28, 2026,** Ms. McKenna may serve one request for production on the City of Seymour and Seymour Chief of Police limited to Policy 1.007 and the official complaint form referenced therein. Those Defendants shall respond within **fourteen (14) days after service**.

**F. Conclusion**

For the foregoing reasons, Ms. McKenna's Motion to Compel Discovery Responses and Enter a Protective Order, [dkt. 54], is **GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART**. The Court will enter a Protective Order by separate entry. Within **fourteen (14) days of this Order**, Defendants shall provide the downloadable recordings and existing

metadata and shall conduct a reasonable search for and produce responsive personal-device communications, subject to the Protective Order being separately entered by the Court today.

Ms. McKenna's Motions concerning depositions by written questions, [dkts. 60; 70], are **DENIED IN PART and DENIED AS MOOT IN PART**, and her alternative request to exceed the interrogatory limit at docket 70 is **DENIED**. Her separate Motion to exceed that limit as to Officer Pasillas, [dkt. 86], is also **DENIED**. The Parties are **ORDERED** to meet and confer to identify the specific information Ms. McKenna still seeks and determine whether **limited** additional interrogatories would efficiently provide it. Before the meet and confer, Ms. McKenna shall specifically identify the questions she wishes to pursue. For any information that Defendants contend they have already provided, they shall identify the specific discovery response or produced material containing it. By **November 4, 2026,** the Parties shall file a joint statement identifying: (1) any **agreed** additional discovery and a proposed completion date; and (2) any remaining disputed requests, Defendants' specific references to any prior responses or materials supplying that information or their reason for opposing further discovery, and (3) Ms. McKenna's explanation of why the information remains necessary. If Ms. McKenna seeks to serve depositions by written questions on Defendants, she must identify the officer authorized to administer oaths under federal law that she seeks to use and confirm she understands that she will pay any associated costs.

Ms. McKenna's superseded Motion concerning Christopher Peelman's deposition, [dkt. 73], is **DENIED AS MOOT**, and her Amended Motion, [dkt. 79], is **DENIED**. Her requests for expedited consideration are **DENIED AS MOOT**.

Ms. McKenna's Motion for Leave to Serve a Limited Request for Production of Policy 1.007, [dkt. 77], is **GRANTED**. She may serve the limited request described above by **October**

**28, 2026**, and the City of Seymour and Seymour Chief of Police shall respond within **fourteen (14) days after service**.

The temporary prohibition on additional discovery motions imposed at docket 91 is **LIFTED**. Ms. McKenna is nevertheless **admonished** that repetitive and duplicative filings unnecessarily burden the Court and opposing counsel, as well as impede the orderly resolution of this action. [Dkt. 91 at 1-3.] Thus, she is reminded to comply with the Court's Orders and refrain from unnecessary or duplicative filings. Noncompliance with Orders may result in sanctions, up to and including dismissal of this action.

Except as expressly provided herein, existing case-management deadlines remain unchanged. The Court is aware of Defendants' recently filed Motion for Extension of Time of Discovery Deadline for Singular Purpose, which remains **UNDER ADVISEMENT**. [Dkt. 94.] Any response to that motion by Ms. McKenna shall be filed **no later than October 28, 2026**. Any reply by Defendants shall be filed **no later than October 30, 2026**.

**SO ORDERED.**

Date: 10/21/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

JEANETTE MCKENNA
6670 W. Chestnut St.
Dupont, IN 47231

Caren L. Pollack
Eichhorn & Eichhorn, LLP
cpollack@eichhorn-law.com